**BAGGETT TRANSPORTATION COM-
PANY, Plaintiff,**

v.

**UNITED STATES of America and In-
terstate Commerce Commission,
Defendants.**

Civ. A. No. 67-153.

United States District Court
N. D. Alabama, S. D.
Jan. 10, 1968.

Harold G. Hernly, Harold G. Hernly, Jr., Wrape & Hernly, Washington, D. C., Ormond Somerville, of Lange, Simpson, Robinson & Somerville, Birmingham, Ala., for plaintiff.

William G. Somerville, Jr., of Lange, Simpson, Robinson & Somerville, Birmingham, Ala., and Rice, Carpenter & Carraway, Washington, D. C., and Belnap, Spencer, Hardy & Freeman, Chicago, Ill., for intervening plaintiffs.

Edwin M. Zimmerman, Acting Asst. Atty. Gen., and John H. D. Wigger, Attorney, Department of Justice, Washington, D. C., and Macon L. Weaver, U. S. Atty., Birmingham, Ala., for the United States, and, Robert W. Ginnane, General Counsel, and Raymond M. Zimmet, Attorney, I.C.C., Washington, D. C., for the Interstate Commerce Commission, for defendants.

Maurice F. Bishop, Bishop & Carlton, Birmingham, Ala., and White & Dickey, Springfield, Mo., for H. Messick, Inc.

Samuel H. Burr, of Thomas, Taliaferro, Forman, Burr & Murray, Birmingham, Ala., for Tri-State Motor Transit Co.

Clarence D. Todd and Martin Sterenbuch of Todd, Dillon & Sullivan, Washington, D. C., and Bishop & Carlton, Birmingham, Ala., for Contract Carrier Conference of American Trucking Ass'n.

Before GEWIN, Circuit Judge, and LYNNE and GROOMS, District Judges.

PER CURIAM.

Reference to our opinion in Baggett Transportation Company v. United States, 231 F.Supp. 905 (1964), pursuant to which the proceedings under review were remanded to the Interstate Commerce Commission (Commission), enables us to advance directly to the attack leveled by plaintiffs [1] in briefs and oral arguments against the order of the defendant Commission,[2] served August 22, 1966, in Docket No. MC–623 (Sub-No. 32), H. Messick, Inc., Extension—Explosives [3] and its order served January 12, 1967, denying plaintiffs' petitions for reconsideration of its earlier order.

Concisely stated plaintiffs insist that the Commission erred in considering the trailer retention service proposed by Messick [4] in determining whether issuance of a contract carrier permit is consistent with the public interest and the national transportation policy within the contemplation of sections 203(a) (15),[5] 203(a) (19) [6] 209(b) [7] and 217(a) [8] of the Interstate Commerce Act.

---

1. Intervening plaintiffs: Regular Common Carrier Conference of American Trucking Associations, Inc., and National Tank Truck Carriers, Inc.

2. Intervening defendants: H. Messick, Inc., Tri-State Motor Transit Company, and Contract Carrier Conference of American Trucking Associations, Inc.

3. 102 M.C.C. 492.

4. Messick proposed to provide trailer retention for any period up to fourteen days, at no additional charge beyond the line-haul rate for the transportation of NCN.

5. Section 203(a) (15) of the Interstate Commerce Act, 49 U.S.C. § 303(a) (15), provides:
    (a) As used in this part—
    (15) The term "contract carrier by motor vehicle" means any person which engages in transportation by motor vehicle of passengers or property in interstate or foreign commerce, for compensation (other than transportation referred to in paragraph (14) and the exception therein), under continuing contracts with one person or a limited number of persons either (a) for the furnishing of transportation services through the assignment of motor ve-

hicles for a continuing period of time to the exclusive use of each person served or (b) for the furnishing of transportation services designed to meet the distinct need of each individual customer.

6. Section 203(a) (19) of the Interstate Commerce Act, 49 U.S.C. § 303(a) (19) provides:
    (a) As used in this part—
    (19) The "services" and "transportation" to which this part applies include all vehicles operated by, for, or in the interest of any motor carrier irrespective of ownership or of contract, express or implied, together with all facilities and property operated or controlled by any such carrier or carriers and used in the transportation of passengers or property in interstate or foreign commerce or in the performance of any service in connection therewith.

7. Section 209(b) of the Interstate Commerce Act, 49 U.S.C. § 309(b), provides in part:
    In determining whether issuance of a [contract carrier] permit will be consistent with the public interest and the national transportation policy declared in this Act, the Commission shall consider the number of shippers to be

■ Plaintiffs have two strings to their bow. First, they insist that while the Commission rendered lip service to the necessarily incidental test evolved by it in the *Warehousing* case [9] it grossly distorted it in its application to the facts of record. We do not agree. In its carefully considered report the Commission fully explored the concepts of free time as it pertains to the demurrage on rail cars and the detention of trailers and weighed the facts in this record on the scales of those concepts as well as in the light of its necessarily incidental test.

The ultimate conclusion of the Commission was clearly expressed as follows:

" * * * All things considered we are constrained to conclude that trailer retention as proposed by applicant is necessarily incidental to the transportation of nitrocarbonitrate and is a transportation service. (Incidental because the service is performed in the trailer used in the line-haul movement within a period of time reasonably proximate to that movement, and necessary because the consignee for reasons not inconsistent with the Interstate Commerce Act delays unloading the trailer.)" [10]

We disagree neither as a matter of fact nor as a matter of law.

■ Second, pointing to the language of our former opinion suggesting that

"The undisputed fact that Hercules has demonstrated a distinct need for trailer retention up to fourteen days at the job-site or magazine, without additional charge, for the purpose of storing NCN merely frames the question as to whether such service is tailored to meet its transportation needs, on the one hand, or its sales needs on the other", [11] plaintiffs complain that the Commission pretermitted discussion of the extent to which the proposed trailer detention service would meet the unique sales needs of Hercules. Having properly construed our categorizing of transportation and nontransportation services in the mutually exclusive sense intended, the Commission proceeded to make an express finding that such service is a transportation service within the meaning of the Interstate Commerce Act. Since this finding is supported by substantial evidence in the record, it simply was not required to measure the incidental impact of such service in promoting or facilitating sales.

The parties having stipulated that this action was submitted upon plaintiffs' prayer for final relief and the certified records made before the Commission, an appropriate order will be entered herein vacating the temporary restraining order, dated March 3, 1967, and denying the relief for which plaintiffs pray.

served by the applicant, the nature of the service proposed, the effect which granting the permit would have upon the services of the protesting carriers and the effect which denying the permit would have upon the applicant and/or its shipper and the changing character of that shipper's requirements. The Commission shall specify in the permit the * * * terms, conditions and limitations respecting the person or persons and the number or class thereof for which the contract carrier may perform transportation service * * *.

8. Section 217(a) of the Interstate Commerce Act, 49 U.S.C. § 317(a), provides in part:
Every common carrier by motor vehicle shall file with the Commission, and print, and keep open to public inspection, tariffs showing all the rates,

fares, and charges for transportation, and all services in connection therewith, of passengers or property in interstate or foreign commerce * * *.

9. The test employed by the Commission is as follows:
"While storage of property is clearly within the transportation service which carriers are obligated to furnish, their duty under these provisions extends only to that storage which is necessarily incidental to transporting such property. To be incidental business, the storage must be preliminary either to immediate transportation or immediate removal." Propriety of Operating Practices—New York Warehousing, 198 I.C.C. 134,195.

10. 102 M.C.C. at page 506.

11. 231 F.Supp. at page 908.